IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

| | |
|---|---|
| WORLD MEDIA ALLIANCE LABEL INC.<br>   (Florida corporation)<br><br>     Plaintiffs,<br><br>      v.<br><br>ELLO ENTERTAINMENT GROUP, LLC.,<br>   (Wyoming company);<br><br>VAL SEGAL,<br>   (present address unknown).<br><br>YOUTUBE LLC<br>   (Delaware company);<br><br>GOOGLE LLC<br>   (Delaware company)<br><br>     Defendants. | ACTION No.<br><br><br>**VERIFIED COMPLAINT**<br><br>**FOR INJUNCTIVE RELIEF<br>AND DAMAGES** |

**NATURE OF ACTION.**

A Florida corporation brings this action after its intellectual property assets were infringed, usurped, and attacked by ELLO ENTERTAINMENT GROUP LLC, a Wyoming company with a fictitious office address in California, doing business worldwide and generating unlawful revenues via YOUTUBE, GOOGLE, and other media. The plaintiffs are asking for injunctive relief and damages. The Court has the jurisdiction and power to order that said the Florida corporation's rights have been violated and enforce those rights according to 17 U.S.C. Chapter 5. The subject matter of the lawsuit is property rights/copyrights, seeking to terminate copyright infringement

and award damages.  A copyright infringer may be subject to civil remedies.  The copyright holder is entitled to seek monetary damages and profits, attorneys' fees, and an injunction enforceable in a U.S. District Court.  That is not the first instance of litigation in the U.S. against ELLO, registered in Wyoming, and operating worldwide.  Plaintiffs allege ELLO and its principal engage in claiming copyright for works without lawful right.  For example, ELLO has already lost an arbitration on a contracted arbitration clause in a related case with the Plaintiffs, with an award for $400,070.  In this matter, which is not arbitrable, WMA complains that ELLO has infringed copyrights for at least 72,576 audio and video asset works using the content ID system.  ELLO used the contract on CMS (content management system) with GOOGLE and YOUTUBE for at least 30 works, posting audio and video recordings on the Internet without copyright, license, or permission.  The maximum recovery allowed by the statutes is $250,000 per violation.

## A. PARTIES.

1.      Plaintiff WORLD MEDIA ALLIANCE LABEL INC. (also WMA) is a Florida corporation, State docket 18000058641, FEI/EIN Number 83-1113407.  WMA was incorporated on July 3, 2018.  WMA's founders have had a business presence in Florida since 1998.  Since 2010, WMA's principals have conducted business distributing digital works and copyright on the Internet.  WMA's main and registered address is 16711 Collins Ave #507, Sunny Isles Beach, FL 33160.  WMA's executives are George Sergeev, the President and Chief Executive Officer, and Ivan Sergeev, Vice President.  As relevant here, WMA owns the rights to use the materials listed below.   WMA has contractual rights with more than 10,000 artists and musical groups.  A representative example is a musical group Tender May (founded in 1986) and its leader Andrei Razin, which originated the audio and video works to which copyright enforcement applies.

2.      Defendant ELLO ENTERTAINMENT GROUP, LLC (ELLO), is a Wyoming company, State Number 2020-000922748.  ELLO was incorporated on 14 June 2020.  ELLO's purported office address is an apartment at 13603 Marina Pointe Dr., Unit B427, Marina Del Rey, CA 90292.  According to another source, ELLO's office is in one of several other apartments in the same apartment building, namely Apartments B42, D32, A407, and D326.  Attempts to serve ELLO in a related matter showed that ELLO has no working office in that building, and its address referred to a non-existing unit where the building's management is unaware of such an entity.  ELLO's registered address in Wyoming is Lega Linc Corporate Services Inc., 5830 E 2nd St Ste 8, Casper, WY, 82609.  ELLO has allegedly violated copyrights belonging to WMA and, basically, has engaged in cyberpiracy, deriving illegal income in the millions of dollars.

3.      Defendant VAL SEGAL (SEGAL) is the principal and, on information, the only officer and shareholder of ELLO, with the residential address 13603 Marina Pointe Dr., Unit B427, Marina Dei Rey, CA 90292.  According to other sources, SEGAL may reside in other apartments in buildings B42, D32, A407, and D326. As a principal of ELLO, SEGAL's nominal address is 5830 E 2nd St Ste 8, Casper, WY, 82609, as a director of SEGAL.  On information and belief, SEGAL is a Russian national with some status in the U.S.  As described below, SEGAL and ELLO are the debtors upon arbitration, and SEGAL may have moved to Russia.  SEGAL is sued in his individual capacity because his entity, ELLO, does not comport to the minimum requirements of a lawful business and has been created and operated for purposes of perpetrating massive fraud in cyberspace, monetizing through YOUTUBE unlawful income at the expense of the holders of copyright, namely WMA.

4.      Defendant YOUTUBE LLC (YOUTUBE) is a Delaware company, organized in 2006, with main offices in California, at the address: 901 Cherry Ave, San Bruno, CA 94066.

YOUTUBE, a subsidiary of GOOGLE LLC, is a leading worldwide video platform for the mass audience.  YOUTUBE is a defendant in this action because, despite its editorial policies and content monitoring, it has failed to enforce copyrights belonging to WMA.  Then YOUTUBE's representative ignored the repeated requests from WMA's principals to delete videos that ELLO had posted on its web platform as though ELLO had assumably copyrighted them, which was false.

5.      Defendant GOOGLE LLC (GOOGLE) is a Delaware company registered in 1998, with main offices in California, at 1600 Amphitheatre Parkway, Mountain View, CA.  GOOGLE acquired YOUTUBE in 2006.  GOOGLE has controlled YOUTUBE's content on the Internet and has exercised its managerial decision-making regarding undesirable content on the Internet, particularly posted through YOUTUBE.  Despite the applicable editorial guidelines, GOOGLE is the defendant in this action as the parent of YOUTUBE, controlling its activities on the Internet.

## B. JURISDICTION AND VENUE.

6.      Jurisdiction is proper.  WMA is a Florida corporation.  ELLO is incorporated in Wyoming, although it does not engage in business in that State.  ELLO's principal SEGAL resides, on information and belief, in California or Russia but engages in business worldwide, affecting and damaging WMA.  YOUTUBE and GOOGLE are Delaware companies, with their main headquarters in California.

7.      The diversity of citizenship applies where a claim exceeds the statutory minimum, pursuant to 28 U.S.C. §1332.

8.      The venue is proper because WMA, a Florida corporation, has copyright, and infringement of their rights has effect in Florida, where WMA is deprived of a portion of their revenues.  WMA's registered and operating office is in Sunny Isles Beach, Florida, where the

jurisdiction of the U.S. District Court for the Southern District of Florida, Miami Division, is proper.

## C.  FACTS RELEVANT TO ALL COUNTS.

### I.  UNDERLYING HISTORY OF PLAINTIFFS' COMMERCIAL SUCCESS

9.      Being in the entertainment and music business, WMA has contracts with performers, artists, and companies in the music business all over the world.  The types of music products include all customer categories and generational sectors.

10.      The copyright to the artistic works in question, held by WMA, is controlled, in addition to contractual terms with Company/Records label/ and more than 10,000 artists, performers, and musical groups, by the terms of the Digital Millennium Copyright Act (DMCA). Such information is located at the URL https://dmca.copyright.gov/.

11.      Under the controlling terms, WMA is the designated copyright agent for all artists, groups, companies, and performers based on contracts.

12.      The U.S. Patent and Trademark Office maintains WMA's registration.

13.      Following the description on the government's website cited above, the DMC provides safe harbors from copyright infringement liability for online service providers.

14.      In order to qualify for safe harbor protection, certain kinds of service providers—for example, those that allow users to post or store material on their systems and search engines, directories, and other information location tools— must designate an agent to receive notifications of claimed copyright infringement. To designate an agent, a service provider must do two things: (1) make certain contact information for the agent available to the public on its website; and (2) provide the same information to the Copyright Office, which maintains a centralized online directory of designated agent contact information for public use. The service provider must also

ensure that this information is up to date.  That office has maintained an online registration system and electronically generated directory.

15.    WMA is registered as the copyright holder in the above-cited government-sponsored directory.  The directory is available to anyone worldwide, including in Wyoming and California, where ELLO and its principal SEGAL have been active.

16.    In particular, WMA is the copyright owner, the exclusive licensee of the copyrights for the following works and performing works, as well as works of video performing arts created by various artists:

01. Natalya Grozovskaya - Moy dorogoy

02. Natalya Grozovskaya -  Krylya

03. Katerina Galizina - V lichnom prostranstve

04. Katerina Galizina - Ni komu ne govori

05. Katerina Galizina - Poputchin

06. Katerina Galizina - Pozdno vstrechenniy

07. Katerina Galizina - Kakaya dama propadaet

08. Zemlyane - Trava u doma

09. Zemlyane - Svecha

10. Zemlyane - Mama

11. Zemlyane - Holodno

12. Sergey Rozgozin - Na krayu zemli

13. Sergey Rozgozin - Na krayu zemli

14. Sergey Rozgozin - Zavtra osen

15. Sergey Rozgozin - Zavtra osen

16. Tatyana Branzeva - Kiev

17. Tatyana Branzeva - Fly away

18. Olga Zhuravleva - Parusa

19. Olga Zhuravleva – Ne ishi menya

20. Ananasov and Co. - Neferdevochki

21. Ananasov and Co. – Odnazdy v Amerike

22. Garry Ananasov - Pesni XXI veka

23. Garry Ananasov and Co. – Pyanie schastlivye glaza

24. Ananasov and Co. – Krugom tayga

25. Natali Chernova-Ptica lyubov

26. Natali Chernova-Prosti

27. Primyer Ministr – Luybimaya

28. Primyer Ministr – Rodnaya stoliza

29. Primyer Ministr – Tochki

30. Primyer Ministr - Luybimaya

## II. AGREEMENT ON COOPERATION BETWEEN WMA AND ELLO

17.     The relationship between WMA and ELLO occurred from May 5, 2021, and June 23, 2022, when ELLO breached all obligations, which it had contracted with WMA.

18.     For the present Complaint, a brief glossary of specialized terms used in the music recording and Internet posting of such content should be noted: A. 'CMS' stands for YOUTUBE's Content Management System (CMS); B.  'Content' is the material YOUTUBE uses on a particular channel or CMS.  C.  Assets, as used concerning YOUTUBE, could be a music video, a sound recording, a web, an art track, a video, and a composition, without limitation.

19.     On May 5, 2021, ELLO provided WMA access to CMS.  That was followed by concluding a Strategic Partnership Agreement dated November 26, 2021. ELLO sold WMA an opportunity to use its CMS, for which WMA paid $400,000 on SEGAL's account.  It also stipulated that some issues presented in this arbitration were arbitrable, and the other matters were not subject to arbitration.

20.    Regarding the arbitrable matters, a related action upon a Petition to confirm the arbitration award has been filed in this Court, where ELLO is in default to appear, at this time. Ref. 1:34cv21985, *In re Petition to confirm the arbitration award*.

21.    On June 23, 2022, ELLO informed WMA of its demand to receive an additional $200,000 and requested that if that money is not transferred, it will sell CMS to another company. Upon WMA's declination, ELLO advised WMA that it was selling CMS to another company for $1 million.  Despite its obligations under the Strategic Partnership Agreement, on June 23, 2022, ELLO severed WMA's access to the CMS earlier provided by ELLO.

22.    Until ELLO cut off WMA's accessing CMS, WMA placed more than 72,576 of the musical assets (see the assets definition above).

23.    Under the Strategic Agreement, ELLO was to provide WMA accounting and payments.  WMA requested from ELLO monthly accounting reports and requested to make payments.

24.    Breaching its obligations, ELLO declined to provide any accounting and to pay ELLO revenues due to it.

25.    Even after June 23, 2022, when ELLO purportedly sold CMS, it continued to create revenues for itself based on the content and the assets provided by WMA.

26.    On information and belief, acting unlawfully, ELLO has used 72,576 assets whose rights belong to WMA without any accounting to WMA and without paying WMA the due revenues.  While using WMA's content and ID, ELLO collects money from millions of videos on YOUTUBE.  Since May of 2021, ELLO reportedly collected more than $500,000.

27.    That related arbitration award enforcement action did not have jurisdiction to adjudicate all claims between the parties. In the arbitration matter, the arbitrator expressly noted

the delineation of the jurisdiction for the arbitration proceedings.  For example, the arbitrator had no authority to adjudicate the claim for injunctive relief and damages beyond refunding the money prepaid by WMA to ELLO, $400,000 de facto confiscated by ELLO.

28.     The arbitrator stated there was a delineation of the arbitrable claims and non-arbitrable claims.  The arbitration tribunal found, within the limits of its jurisdiction, that the certain monetary matters before the panel, such as refund of the deposited money, were arbitrable.  The arbitration proceedings were presided by Hon. Scott J. Silverman. the JAMS Mediator, Arbitrator, and Referee/Special Master, a retired judge, formally of the 11th Judicial Circuit, Florida.

29.     On August 23, 2022, WMA filed with JAMS its Statement of claim.  That Statement set forth a single count against ELLO, which alleged ELLO breached the parties' contract.  WMA sought a refund of the initial deposit, $400,000.  It also sought fifty percent (50%) of all profits earned after the repayment of the initial $400,000 and compensatory and consequential damages (which the arbitrator declined to consider).

30.     In its Report upon a preliminary hearing, dated October 31, 2022, the arbitration tribunal wrote, "…The parties stipulate to the entry of a bare final award." According to the parties' stipulation, the tribunal found that WMA met its burden of proof, and ELLO breached the parties' contract, resulting in damages to WMA.  The tribunal entered its Interim Award in favor of WMA and against ELLO.  The arbitration tribunal received sworn testimony from George Sergeev, Ivan Sergeev, Andrey Razin, and Segal.

31.     The arbitration tribunal found that ELLO entered into a legally valid and enforceable contract with WMA, that ELLO materially breached its obligations to WMA under the contract, and that WMA substantially performed its part of the contract.  As a result of ELLO's breach, it was decided that WMA incurred damages.

32.     The arbitration decision awarded WMA $400,000, to collect from ELLO.  On April

12, 2023, the final award was entered, adding $70.18 in costs.  Consequently, the final award was

for the amount of $400,070.18.  The final award has not been disturbed by any application to the

JAMS to reconsider.

33.     While serving the Petition in the above matter, WMA learned that ELLO does not

have a work office in California, and its purported address in an apartment building refers to a non-

existing unit.

### III. INFRINGEMENT OF COPYRIGHT BY ELLO AND SEGAL.

34.     ELLO   and   its   principal   SEGAL   listed   using   YOUTUBE   at

https://www.youtube.com/ the following works, infringing copyright Owner's copyrights in the

Works.   The list of the works that are presented in the name of, or under the auspices of, ELLO

and its principal SEGAL includes the following:

    01. https://www.youtube.com/watch?v=3GPDZ_B3gQ4

    02. https://www.youtube.com/watch?v=PukxxTb6Yw0

    03. https://www.youtube.com/watch?v=a7t1NuJnmzw

    04. https://www.youtube.com/watch?v=kzf-7X44xmE

    05. https://www.youtube.com/watch?v=qQ5hUDUrecM

    06. https://www.youtube.com/watch?v=ilYvcTHWKiA

    07. https://www.youtube.com/watch?v=Q6Agk1_j2Ss

    08. https://www.youtube.com/watch?v=NW-Ev-buLiI

    09. https://www.youtube.com/watch?v=RsKd4VC3W30

    10. https://www.youtube.com/watch?v=1dyAxkGPB0w

    11. https://www.youtube.com/watch?v=9lrEVM_bP-Y

    12. https://www.youtube.com/watch?v=DIgcQv0PY14

    13. https://www.youtube.com/watch?v=XeO1_z4z_EA

    14. https://www.youtube.com/watch?v=MWWYiFfeFOo

15. https://www.youtube.com/watch?v=LXJqt-joPIY

16.https://www.youtube.com/watch?v=_r9sXlKWQp0

17. https://www.youtube.com/watch?v=FsuUq-bRu34

18. https://www.youtube.com/watch?v=rYT84a-k5c4

19. https://www.youtube.com/watch?v=PsK9gGjTdZo

20. https://www.youtube.com/watch?v=Fghf3zkBKG4

21. https://www.youtube.com/watch?v=dvnunw7pzMk

22. https://www.youtube.com/watch?v=E07eYD-nYAg

23.https://www.youtube.com/watch?v=FcyV-0lZ2R0

24. https://www.youtube.com/watch?v=T4aXF_cPW5U

35.https://www.youtube.com/watch?v=IEJmxtZwXW8

26.https://www.youtube.com/watch?v=1wTTlu_KF90

27. https://www.youtube.com/watch?v=UA_IYbLBp4s

28. https://www.youtube.com/watch?v=dcSmh2x4saU

29. https://www.youtube.com/watch?v=AaHO_XEha2o

30. https://www.youtube.com/watch?v=cZN88L1jqD0

35.     The names of the songs appearing under the above links contain the following works: 01. Natalya Grozovskaya - Moy dorogoy; 02. Natalya Grozovskaya – Krylya; 03. Katerina Galizina - V lichnom prostranstve; 04. Katerina Galizina - Ni komu ne govori; 05. Katerina Galizina – Poputchin; 06. Katerina Galizina - Pozdno vstrechenniy; 07. Katerina Galizina - Kakaya damapropadaet; 08. Zemlyane - Trava u doma; 09. Zemlyane – Svecha; 10. Zemlyane – Mama; 11. Zemlyane – Holodno; 12. Sergey Rozgozin - Na krayu zemli; 13. Sergey Rozgozin - Na krayu zemli; 14. Sergey Rozgozin - Zavtra osen; 15. Sergey Rozgozin - Zavtra osen; 16.Tatyana Branzeva – Kiev; 17. Tatyana Branzeva - Fly away; 18. Olga Zhuravleva – Parusa; 19. Olga Zhuravleva – Ne ishi menya; 20. Ananasov and Co. – Neferdevochki; 21. Ananasov and Co. – Odnazdy v Amerike; 22. Garry Ananasov - Pesni XXI veka; 23. Garry Ananasov and Co. – Pyanie schastlivye glaza; 24. Ananasov and Co. – Krugom tayga; 25.Natali Chernova-Ptica lyubov;

11

26.Natali Chernova-Prosti; 27. Primyer Ministr – Luybimay; 28. Primyer Ministr – Rodnaya stoliza; 29. Primyer Ministr – Tochki;30. Primyer Ministr – Luybimaya.

36.     The disclaimer is that some of the above URL links occasionally become inactivated.  However, those were not deleted, and after a certain period, those get activated again.

37.     WMA believes that ELLO and its principal SEGAL use such tactics of partial and temporary compliance to derail the lawsuits against it while achieving the same commercial results.  Simply put, such unauthorized use of copyright materials could be called online piracy.

38.     As cited above, the infringing party is ELLO and its principal SEGAL for the list of the first 30 links and YOUTUBE for a supplemental list of 30 links.

39.     YOUTUBE and GOOGLE are ultimately in complete control of any of these online publications appearing under the domain www.youtube.com.

40.     Since early 2022, WMA sent to ELLO and its principal SEGAL over ten separate warnings, objections, letters, and demands to take from its platform the video recordings that were unlawfully usurped and used for commercial gain on the Internet.

41.     In its letters to ELLO and its principal SEGAL, WMA stated the demand as follows: "Your failure to comply with the provisions of 17 U.S.C. 512 may result in liability for direct copyright infringement, since in accordance with 17 U.S.C. 512(C), any safe harbor provisions of the Digital Millennium Copyright Act (DMCA) that protect online service providers from copyright infringement liability based on the actions of their users, may not be applicable if the online service providers do not respond expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity."

42.     WMA's warning and demand letters further stated: "Your failure to act expeditiously to remove, disable access to the infringing material located at the Infringing URs

upon notification of claimed infringement…as a result of us emailing you at the email address of your Designated Copyright Agent may result in liability for copyright infringement, the potential statutory damages for which can be as high as $250,000 (Two Hundred and Fifty Thousand US Dollars) per work infringed, as per 17 U.S.C. 504, as well as attorney's fees."

43.     In the present instance, YOUTUBE infringes on - directly or contributorily - the copyright owner's rights in at least 30 independent copyrighted works, bringing a maximum potential claim of damages of $7.5 million.

44.     WMA directed YOUTUBE letters on the violation by ELLO of copyrights and its illegal use of 72,576 audio and video on December 19, 2022.  Although the complaint was sent electronically and in regular mail, YOUTUBE has not responded to it to date.

## IV. ELLO IGNORED THAT IT BEEN ADJUDGED LIABLE ON A SEPARATE MATTER SUBJECT TO ARBITRATION.

45.     Apart from the claims asserted herewith, ELLO had already been found liable under the arbitration award.  However, ELLO has been ignoring an obligation to pay the award.

46.     The Petition to enforce the arbitration award, case 1:23-cv-21985, has been pending in this Court since May 29, 2023.  ELLO and SEGAL are currently avoiding being served and paying the arbitration award.

47.     As it turned out, ELLO is nothing more than a nominal entity disguising the activities of SEGAL without any corporate compliance.  Namely, ELLO's purported office address provided by SEGAL to WMA and the public is at 13603 Marina Pointe Dr., Unit B427, Marina Del Rey, CA 90292.  However, that unit stands for an apartment and its occupants denied it had anything to do with ELLO.

48.     For all purposes of the claims stated in this action, ELLO, which does not have a valid office address and does not comport to the minimum business standards, should be considered as an entity created for fraud and should be denied a status of a separate legal person.

49.     SEGAL, as ELLO's only officer and, on information and belief, its only owner, has used a Wyoming registration of a company to defraud the public and the Plaintiffs.

50.     The corporate veil of ELLO should be pierced, and SEGAL should be held liable for all claims against ELLO.  This Court should deny a separate existence of ELLO, created to perpetuate fraud, and should find SEGAL individually liable for claims against ELLO.

### COUNT I.  INJUNCTION
### (17 U.S. Code Chapter 5 – Copyright Infringement and Remedies).
(Stated against All Defendants).

51.     Plaintiff incorporates by reference the allegations in the prior Paragraphs 1 to 50 and further states as follows.  That claim is different from the claim resolved in the arbitration matter.

52.     As stated above, after June 23, 2022, when ELLO sold WMA its access to ELLO's CMS, it continued to create revenues for itself based on the content and the assets provided by WMA.  ELLO did so without accounting to WMA.

53.     On information and belief, acting unlawfully, ELLO has used 72,576 assets belonging to WMA and continues to illegally use those rights without any accounting to WMA and without paying the due revenues to WMA.

54.     Furthermore, ELLO and its principal SEGAL listed using YOUTUBE at https://www.youtube.com/ the following works, infringing copyright wwner's copyrights in the Works attributed to ELLO and its principal SEGAL:

55.     The names of the songs appearing under the above links include 01. Natalya Grozovskaya - Moy dorogoy; 02. Natalya Grozovskaya – Krylya; 03. Katerina Galizina - V lichnom prostranstve; 04. Katerina Galizina - Ni komu ne govori; 05. Katerina Galizina – Poputchin; 06. Katerina Galizina - Pozdno vstrechenniy; 07. Katerina Galizina - Kakaya damapropadaet; 08. Zemlyane - Trava u doma; 09. Zemlyane – Svecha; 10. Zemlyane – Mama; 11. Zemlyane – Holodno; 12. Sergey Rozgozin - Na krayu zemli; 13. Sergey Rozgozin - Na krayu zemli; 14. Sergey Rozgozin - Zavtra osen; 15. Sergey Rozgozin - Zavtra osen; 16.Tatyana Branzeva – Kiev; 17. Tatyana Branzeva - Fly away; 18. Olga Zhuravleva – Parusa; 19. Olga Zhuravleva – Ne ishi menya; 20. Ananasov and Co. – Neferdevochki; 21. Ananasov and Co. – Odnazdy v Amerike;  22. Garry Ananasov - Pesni XXI veka; 23. Garry Ananasov and Co. – Pyanie schastlivye glaza; 24. Ananasov and Co. – Krugom tayga; 25.Natali Chernova-Ptica lyubov; 26.Natali Chernova-Prosti; 27. Primyer Ministr – Luybimay; 28. Primyer Ministr – Rodnaya stoliza; 29. Primyer Ministr – Tochki;30. Primyer Ministr – Luybimaya.

56. The above and other assets include, but are not limited to, the following URL links:

    01. https://www.youtube.com/watch?v=3GPDZ_B3gQ4

    02. https://www.youtube.com/watch?v=PukxxTb6Yw0

    03. https://www.youtube.com/watch?v=a7t1NuJnmzw

    04. https://www.youtube.com/watch?v=kzf-7X44xmE

    05. https://www.youtube.com/watch?v=qQ5hUDUrecM

    06. https://www.youtube.com/watch?v=ilYvcTHWKiA

    07. https://www.youtube.com/watch?v=Q6Agk1_j2Ss

    08. https://www.youtube.com/watch?v=NW-Ev-buLiI

    09. https://www.youtube.com/watch?v=RsKd4VC3W30

    10. https://www.youtube.com/watch?v=1dyAxkGPB0w

    11. https://www.youtube.com/watch?v=9lrEVM_bP-Y

    12. https://www.youtube.com/watch?v=DIgcQv0PY14

13. https://www.youtube.com/watch?v=XeO1_z4z_EA

14. https://www.youtube.com/watch?v=MWWYiFfeFOo

15. https://www.youtube.com/watch?v=LXJqt-joPIY

16. https://www.youtube.com/watch?v=_r9sXlKWQp0

17. https://www.youtube.com/watch?v=FsuUq-bRu34

18. https://www.youtube.com/watch?v=rYT84a-k5c4

19. https://www.youtube.com/watch?v=PsK9gGjTdZo

20. https://www.youtube.com/watch?v=Fghf3zkBKG4

21. https://www.youtube.com/watch?v=dvnunw7pzMk

22. https://www.youtube.com/watch?v=E07eYD-nYAg

23. https://www.youtube.com/watch?v=FcyV-0lZ2R0

24. https://www.youtube.com/watch?v=T4aXF_cPW5U

25. https://www.youtube.com/watch?v=IEJmxtZwXW8

26. https://www.youtube.com/watch?v=1wTTlu_KF90

27. https://www.youtube.com/watch?v=UA_IYbLBp4s

28. https://www.youtube.com/watch?v=dcSmh2x4saU

29. https://www.youtube.com/watch?v=AaHO_XEha2o

30. https://www.youtube.com/watch?v=cZN88L1jqD0

57.    The disclaimer is made that the above link got deactivated at a certain time as though the video material had been removed, then later reactivated again.

58.    The following is a list of the URLs at which the Works, without the right of republication, with the postings on YOUTUBE:

01. https://www.youtube.com/watch?v=3GPDZ_B3gQ4

02. https://www.youtube.com/watch?v=PukxxTb6Yw0

03. https://www.youtube.com/watch?v=a7t1NuJnmzw

04. https://www.youtube.com/watch?v=kzf-7X44xmE

05. https://www.youtube.com/watch?v=qQ5hUDUrecM

06. https://www.youtube.com/watch?v=ilYvcTHWKiA

07. https://www.youtube.com/watch?v=Q6Agk1_j2Ss

08. https://www.youtube.com/watch?v=NW-Ev-buLiI

09. https://www.youtube.com/watch?v=RsKd4VC3W30

10. https://www.youtube.com/watch?v=1dyAxkGPB0w

11. https://www.youtube.com/watch?v=9lrEVM_bP-Y

12. https://www.youtube.com/watch?v=DIgcQv0PY14

13. https://www.youtube.com/watch?v=XeO1_z4z_EA

14. https://www.youtube.com/watch?v=MWWYiFfeFOo

15. https://www.youtube.com/watch?v=LXJqt-joPIY

16. https://www.youtube.com/watch?v=_r9sXlKWQp0

17. https://www.youtube.com/watch?v=FsuUq-bRu34

18. https://www.youtube.com/watch?v=rYT84a-k5c4

19. https://www.youtube.com/watch?v=PsK9gGjTdZo

20. https://www.youtube.com/watch?v=Fghf3zkBKG4

21. https://www.youtube.com/watch?v=dvnunw7pzMk

22. https://www.youtube.com/watch?v=E07eYD-nYAg

23. https://www.youtube.com/watch?v=FcyV-0lZ2R0

24. https://www.youtube.com/watch?v=T4aXF_cPW5U

25. https://www.youtube.com/watch?v=IEJmxtZwXW8

26. https://www.youtube.com/watch?v=1wTTlu_KF90

27. https://www.youtube.com/watch?v=UA_IYbLBp4s

28. https://www.youtube.com/watch?v=dcSmh2x4saU

29. https://www.youtube.com/watch?v=AaHO_XEha2o

30. https://www.youtube.com/watch?v=cZN88L1jqD0

59.     As stated above, since June 25, 2022, WMA has sent to ELLO and its principal SEGAL over ten separate warnings, objections, letters, and demands to take from its platform the video recordings that were unlawfully usurped and used for commercial gain on the Internet.

60.     ELLO and its principal SEGAL did not respond to any of those warnings and demands and continue to make commercial use of the recordings, to which WMA owns rights.

61.     Relief under that Count is controlled by statute, 17 U.S. Code § 502 'Remedies for infringement: Injunctions.'

62.     While the infringing party, ELLO and its principal SEGAL, unlawfully posting the recordings infringing the copyright of WMA, is a Wyoming entity. To aid pointing to the statutes, WMA refers to the United States statute that states:

> "(a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. (b) Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office."

63.     WMA will suffer irreparable damage unless its Court orders the injunction, as it has exhausted all avenues to resolve the violations.

64.     WHEREFORE, according to the above-cited federal statute, WMA is entitled to relief allowed by the abovementioned federal statute.   In this matter, WMA complains that ELLO and its principal SEGAL infringed at least 72,576 works without copyright, license, or permission. By way of precedents, WMA states a claim for infringing at least 72576 works, namely at least $1 million.

## COUNT II. CLAIM FOR DAMAGES.
### 17 US. Code § 504 - Remedies for infringement. Damages and Profits.
(Stated against Defendants ELLO and SEGAL).

65.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 50 and further states as follows.

66.     While the infringing party, ELLO, and its principal SEGAL, unlawfully posting the

recordings, infringed the copyright of WMA, WMA points to the United States statute, as

applicable, which states:

"(a) In General. Except as otherwise provided by this title, an infringer of
copyright is liable for either—

(1) the copyright owner's actual damages and any additional profits of the
infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits.—

The copyright owner is entitled to recover the actual damages suffered by
him or her as a result of the infringement, and any profits of the infringer that are
attributable to the infringement and are not taken into account in computing the
actual damages. In establishing the infringer's profits, the copyright owner is
required to present proof only of the infringer's gross revenue, and the infringer is
required to prove his or her deductible expenses and the elements of profit
attributable to factors other than the copyrighted work.

(c) Statutory Damages.

(1) Except as provided by clause (2) of this subsection, the copyright owner
may elect, at any time before final judgment is rendered, to recover, instead of
actual damages and profits, an award of statutory damages for all infringements
involved in the action, with respect to any one work, for which any one infringer is
liable individually, or for which any two or more infringers are liable jointly and
severally, in a sum of not less than $750 or more than $30,000 as the court considers
just. For the purposes of this subsection, all the parts of a compilation or derivative
work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and
the court finds, that infringement was committed willfully, the court in its discretion
may increase the award of statutory damages to a sum of not more than $150,000.
In a case where the infringer sustains the burden of proving, and the court finds,
that such infringer was not aware and had no reason to ELLO and its principal
SEGAL that his or her acts constituted an infringement of copyright, the court in
its discretion may reduce the award of statutory damages to a sum of not less than
$200. The court shall remit statutory damages in any case where an infringer ELLO
and its principal SEGALd and had reasonable grounds for believing that his or her
use of the copyrighted work was a fair use under section 107, if the infringer was:
(i) an employee or agent of a nonprofit educational institution, library, or archives
acting within the scope of his or her employment who, or such institution, library,
or archives itself, which infringed by reproducing the work in copies or
phonorecords; or (ii) a public broadcasting entity which or a person who, as a
regular part of the nonprofit activities of a public broadcasting entity (as defined in
section 118(f)) infringed by performing a published nondramatic literary work or
by reproducing a transmission program embodying a performance of such a work.

(3) (A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademarks used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d)Additional Damages in Certain Cases.—

In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) did not have reasonable grounds to ELLO and its principal SEGAL that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years."

67.     According to the above-cited federal statute, WMA is entitled to damages and profits against ELLO and its principal SEGAL.  WMA states a claim for infringing at least 72,576 works for at least $1 million.

## COUNT III. CLAIM FOR COSTS AND ATTORNEY FEES.
### 17 U.S. Code § 505 - Remedies for infringement: Costs and attorney's fees.
(Stated against Defendants ELLO and SEGAL)

68.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 50 and further states as follows.

69.     While the infringing party, ELLO and its principal SEGAL, unlawfully posting the recordings infringing the copyright of WMA, is a Wyoming company, WMA points to the United States statute.  The statute states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer

thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

70.      WMA has undertaken costs and legal fees and continues to do so to enforce its rights against ELLO and its principal, SEGAL.

71.      WHEREFORE, under the above-cited federal statute, WMA is entitled to seek costs and attorney's fees against ELLO and its principal, SEGAL.   The amount of the costs and attorney's fees is continuing to grow and is to be established at the trial.

### COUNT IV.   ACCOUNTING.
(Stated against All Defendants)

72.      Plaintiffs incorporate by reference the allegations in Paragraphs 1 to 50 and further state as follows.

73.      By infringing copyrights, usurping the rights to post recordings, and violating the statutes in the United States, ELLO and its principal SEGAL interfered with WMA's beneficial business relationship with Tender May and its leader and producer, Razin.

74.      A total of accessing the video recordings of Tender May and Razin, representing unauthorized YOUTUBE links, may have surpassed 1 billion.

75.      YOUTUBE and GOOGLE should be ordered to account for the instances of that access (up to a precision of 1,000 per URL) and the amounts that YOUTUBE, GOOGLE, and ELLO and its principal SEGAL raised using those unauthorized links.

76.      The facts stated herewith satisfy the elements for stating the claim for accounting: the elements for a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.  By accepting WMA's postings of video recordings on YOUTUBE and GOOGLE, there was a valid contract between WMA, on the one hand, and YOUTUBE and GOOGLE, on the other hand.

77.     By failing or declining to enforce WMA's copyright, YOUTUBE and GOOGLE are liable to WMA, including under the cause of action for an accounting.

78.     WHEREFORE, WMA is entitled to accounting by YOUTUBE, GOOGLE, and ELLO and its principal SEGAL, necessary for ascertaining the amounts of damages.

## COUNT V.
## INTERFERENCE WITH BENEFICIAL BUSINESS RELATIONSHIPS.
(Stated against Defendants ELLO and SEGAL)

79.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 to 50 and further state as follows.

80.     By infringing copyrights, usurping the rights to post recordings, and violating the statutes in the United States, ELLO and its principal SEGAL interfered with WMA's beneficial business relationship with Tender May and its leader and producer, Andrei Razin.

81.     Namely, Razin, one of WMA's collaborators and partners, one of the top-rated artists in the last 35 years, has 3.2 million followers on his Instagram account.   Ref. https://www.instagram.com/razin_andrei_lm/reels/

82.     While monetizing more than 600 assets, contents of audio and video recordings created by Razin, ELLO falsely created its purported rights, superseding its cliché on the official channel of Razin.  That preempted the valid owner's receiving monetization and advancing his channel.

83.     On information and belief, due to ELLO's false claims, YOUTUBE first accused WMA's partner Razin of illegally using video content, then switched off the monetization of the videos and audio, and then even deleted Razin's channel.   Ref. Andrey Razin https://www.youtube.com/channel/UCQfdEd6Be7agxkudr5afH1g

84.     The facts stated herewith satisfy the elements of a claim for tortious interference with a contract are (1) the existence of a contract or business relation, (2) the defendant's knowledge of the contract or business relation, (3) intentional interference by the defendant with the contract or business, and (4) damage to the plaintiff as a result of the defendant's interference.

85.     WHEREFORE, WMA is entitled to seek damages against ELLO and its principal SEGAL for interference with the beneficial business relationship with Tender May and Razin. The amount of damages, separate and in addition to statutory damages, is to be established at the trial.

### COUNT VI.
### (Infringement by Undisclosed CMA Users)
(against all Defendants)

86.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 to 50 and further state as follows.

87.     In addition to the infringement by the users clearly associated with ELLO, WMA believes that ELLO has been using a tactic of concealing its name. However, WMA believes that in such instances, the perpetrators are, again, ELLO and SEGAL, using other identities, or their affiliates.

88.     The following is a list of the URLs at which the works are accessible on the Internet, via YOUTUBE, not attributed to ELLO and its principal SEGAL or any other legal entity:

01. https://www.youtube.com/watch?v=CBfSfLnHF-A

02. https://www.youtube.com/watch?v=ojTny9Rzgjg

03. https://www.youtube.com/watch?v=Em4ku-Zp8_U

04. https://www.youtube.com/watch?v=qnSoSg3SDbo

05. https://www.youtube.com/watch?v=MsdzLN4X-YY

06. http://www.youtube.com/watch?v=srs3zx2vPrE

23

07. http://www.youtube.com/watch?v=m6QhNdddG3I

08. https://www.youtube.com/watch?v=inKftg6KaoQ

09. http://www.youtube.com/watch?v=qoyVvQYKW4E

10. http://www.youtube.com/watch?v=DZ3XAmDctKQ

11. https://www.youtube.com/watch?v=m6QhNdddG3I

12. https://www.youtube.com/watch?v=Zsu1E-EMJi4

13. https://www.youtube.com/watch?v=cUef9O9K_lc

14. https://www.youtube.com/watch?v=eph_r713ybQ

15. http://www.youtube.com/watch?v=sPU67a6Y8uc

16. https://www.youtube.com/watch?v=qBPPN0Sxn2A

17. https://www.youtube.com/watch?v=4Ra4NpFj-LE

18. https://www.youtube.com/watch?v=E-ARo_bHt88

19. https://www.youtube.com/watch?v=6i5J5-QFjpM

20. https://www.youtube.com/watch?v=8mlRq5vLnTA

21. https://www.youtube.com/watch?v=Dd5ApJweaB0

22. https://www.youtube.com/watch?v=Kzhu-8d9-ug

23. https://www.youtube.com/watch?v=UqXUvC51sJU

24. https://www.youtube.com/watch?v=FYtORfl0ILQ

25. https://www.youtube.com/watch?v=7B68p9qluVU

26. https://www.youtube.com/watch?v=2pNQ18ps78A

27. https://www.youtube.com/watch?v=8ag_eRnalN8

28. https://www.youtube.com/watch?v=XSo9rO_ilug

29. https://www.youtube.com/watch?v=S-ggho7jcdY

30. https://www.youtube.com/watch?v=dMgTSsj_eH8

31. https://www.youtube.com/watch?v=h5KmJyRtGYA

32. https://www.youtube.com/watch?v=B2F8V8UuMAs

33. https://www.youtube.com/watch?v=3vA5nOxl_7Q

34. https://www.youtube.com/watch?v=CpkUFdgCIr4

35. https://www.youtube.com/watch?v=yMB_-tTOB4w

36. https://www.youtube.com/watch?v=VC3sNn0IWgU

37. https://www.youtube.com/watch?v=UGxFzKEc4Ug

38. https://www.youtube.com/watch?v=MIMz8Zp0Gr0

39. https://www.youtube.com/watch?v=UjmSb8rjHA4

40. https://www.youtube.com/watch?v=vl6ofE8lBgs

41. https://www.youtube.com/watch?v=awOgS8mUFog

42. https://www.youtube.com/watch?v=8ag_eRnalN8

43. https://www.youtube.com/watch?v=cZaV_I1vKLw

44. https://www.youtube.com/watch?v=SbeeWJOVI4w

45. https://www.youtube.com/watch?v=9tmrLLBRDr4

46. https://www.youtube.com/watch?v=Dm5MKpIHbbE

47. https://www.youtube.com/watch?v=4NflsW3iyiE

48. https://www.youtube.com/watch?v=FOJPlBCvU4c

49.https://www.youtube.com/watch?v=gGyOeeD9B70

50. https://www.youtube.com/watch?v=usE_8pjTotQ

51. https://www.youtube.com/watch?v=ukFe8Xok1tc

In particular, all songs of Tender May are unlawfully posted on YOUTUBE, even though the rights are registered with copyright Off of the Library of Congress.

**WHEREFORE,**

Plaintiffs seek the following relief:

(a) The monetary claims addressed to ELLO and SEGAL including: (1) to disgorge to WMA all money it received for monetization of the contents provided by WMA from May 5, 2021, to date, namely 72,576 assets; (2) damages for illegal use of contents and assets to which WMA has held rights, in the amount for over $1 million; (3) reimburse WMA for all attorney fees, over $100,000.

(b) The injunctive, accounting and monetary claims addressed to YOUTUBE include: (1) discontinuation of monetizing all and any materials originating from WMA started from May 5, 2021, to date, namely 72,576 assets; (2) discontinuing to pay ELLO for any works traced to WMA's copyright; (3) discontinuing the services provided to ELLO by YOUTUBE and GOOGLE, in light of the alleged systematic cyber piracy and obtaining illegal revenues in which ELLO has engaged at the expense of WMA; and (4) providing accounting for payments from May 5, 2021 to date.

(c)  The Court should order all Defendants to delete or remove the contested contents, including existing on CMS, namely the materials protected by copyright, including such orders to YOUTUBE and GOOGLE.  The Court should also order to delete all 72,576 audio and video assets, to which WMA has copyright, illegally used by ELLO.

(d) Grant injunctive relief against defendant ELLO and its principal SEGAL prohibiting ELLO and its principal SEGAL from using or reusing the copyrighted audio and video materials

on its web platform or any other Internet platforms.  That should include restoring the channel of WMA's partner Andrei Razin: https://www.youtube.com/channel/UCQfdEd6Be7agxkudr5afH1g

(e) Award compensatory, consequential and punitive damages against ELLO and its principal SEGAL in excess of $1 million, including the estimated loss of WMA's business they targeted to be destroyed.

(f) Adjudication that ELLO and SEGAL should be severally and jointly liable for any award in this action, and adjudication of that ELLO has no separate legal existence, other than cover for SEGAL's unlawful activities.

(g) Attorney fees and costs asserted against Defendants ELLO and SEGAL.

(h) Any other relief that the Court will find just and proper.

Plaintiffs demand a jury trial on all causes of action being triable before a jury.

Dated: August 5, 2023

Respectfully submitted,

_____/signed George Lambert/
George Lambert, Esq.
The Lambert Law Firm
FL bar 1022697
421 Poinciana Drive, #1422,
Sunny Isles Beach, FL 33160;
Email: office.law.323@gmail.com
Tel. (305) 938 0600
Attorney for Plaintiff World Media Alliance Label Inc.

**VERIFICATION.**

I, George Sergeev, the president of the plaintiff, World Media Alliance Media Label, Inc., a Florida corporation, verify that I am familiar with the facts and that the preceding allegations are true and correct under the penalties of perjury under the laws of the United States.

Date: August 5, 2023

GEORGE SERGEEV